# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JAMES LEON BAKER, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 11-0742-CV-W-DGK-P |
| DOUG PRUDDEN, | ) |
| Respondent. | ) |

## OPINION AND ORDER DENYING WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the Northeast Correctional Center in Bowling Green, Missouri, has filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2007 convictions and sentences for sexual abuse and witness tampering, which were entered in the Circuit Court of Grundy, Missouri. Petitioner raises six (6) grounds for relief. Respondent contends that some claims in Ground 1 are procedurally defaulted, that the remaining claim in Ground 1 is without merit, that Grounds 2 and 3 are without merit, and that Grounds 4-6 are procedurally defaulted. Despite this Court's September 19, 2011, Order directing petitioner to reply to respondent's response, petitioner has not filed a reply.

## FACTUAL BACKGROUND

In affirming the motion court's denial of petitioner's Rule 24.035 motion, the Missouri Court of Appeals, Western District, set forth the following facts:

> Baker was charged with two counts of sexual abuse and, in a separate information, with three counts of tampering with a witness. On September 13, 2007, Baker pleaded guilty to one count of tampering with a witness and to one count of sexual abuse in an open plea to the trial court. The remaining counts were dismissed. On November 15, 2007, Baker was sentenced to two concurrent sentences of four

years imprisonment.

Respondent's Exhibit E, p. 2.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## **GROUND 1**

In Ground 1, petitioner claims that his guilty plea was not voluntarily and knowingly made, because there was an insufficient factual basis presented at the plea proceeding to establish the elements of the offense of sexual abuse. Doc. No. 1, p. 14. Respondent argues that, in state court, petitioner advanced Ground 1 solely on the basis that there was no evidence that petitioner had "the purpose of arousing or gratifying sexual desire." Doc. No. 5, pp. 8-9. Therefore, respondent argues, petitioner procedurally defaulted Ground 1 insofar as petitioner argues that the other elements of sexual abuse were insufficient. Id.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts

---

[1]In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "In order to present a habeas claim to the state court, a prisoner must 'fairly represent' not only the facts, but also the substance of his federal habeas corpus claim . . . . Presenting a claim that is merely similar to the federal habeas corpus claim is not sufficient to satisfy the fairly presented requirement." Barrett v. Acevedo, 169 F.3d 1155, 1161-62 (8th Cir. 1999) (citing Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996), cert. denied, 517 U.S. 1215 (1996)), cert. denied, 528 U.S. 846 (1999). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Sloan, 54 F.3d at 1381.

In state court, petitioner argued that his guilty plea to sexual assault was not supported by an adequate factual basis because there was no indication he understood or agreed that he engaged in sexual contact "for the purpose of arousing or gratifying the sexual desire of any person." Respondent's Exhibit E, p. 7; Respondent's Exhibit C, p. 15. In his federal petition, however, petitioner argues that all of the elements of sexual abuse lack an adequate factual basis. Doc. No. 1, p. 14. Therefore, petitioner procedurally defaulted Ground 1 insofar as he claims that there was an insufficient factual basis to support the elements of sexual abuse other than that petitioner engaged in sexual contact for the purpose of arousing or gratifying the sexual desire of any person by failing to include the claims on the appeal of his Rule 24.035 motion. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997)(recognizing that failure to present claims in the Missouri courts at any stage of direct appeal or post-conviction proceedings is a procedural default), cert. denied, 523 U.S. 1010 (1998).

A federal court may not review procedurally defaulted claims "unless the prisoner can

demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Because petitioner has not made such a showing, Ground 1 will be denied as to petitioner's claims that there was an insufficient factual basis to support the elements of sexual abuse other than that petitioner engaged in sexual contact for the purpose of arousing or gratifying the sexual desire of any person.

The Missouri Court of Appeals, Western District, denied the remaining claim in Ground 1 as follows:

> . . . Baker contends that his guilty plea to sexual assault is not supported by an adequate factual basis because there is no indication he understood or agreed that he engaged in sexual contact "for the purpose of arousing or gratifying the sexual desire of any person." We disagree.
>
> The plea court may not enter judgment on a plea of guilty until it makes a determination that there is a factual basis for the plea. Rule 24.02(e); *Browder v. State*, No. WD71438, 2010 WL2998619, at *2 (Mo. App. W.D. Aug. 3, 2010). A plea forms the factual basis for a guilty plea where "it is voluntarily and understandingly made as to the factual requisites necessary to establish each element of an offense.'" *Browder*, 2010 WL2998619, at *2 (citation omitted). "'Where the information clearly charges the defendant with all elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt, a factual basis is established.'" *Id.* (citation omitted). *Id.* A factual basis to support a guilty plea is established if the defendant understands the facts recited by the judge or the prosecutor. *Id.* So long as the defendant understands the nature of the charges against him, trial courts are not required to explain every element of the crime. *Id.*
>
> Baker was charged with sexual assault under Section 566.100. Section 566.100 provides, "[a] person commits the crime of sexual abuse if he subject another person to *sexual contact* by the use of forcible compulsion." (Emphasis added.). "Sexual contact" is defined as "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, or such touching through the clothing, *for the purpose of arousing or gratifying sexual desire of any person*." Section 566.010(3) (emphasis added).
>
> Baker admits that he pleaded guilty and stated in court that he was pleading guilty because he was guilty. The State recited that if the matter proceeded to trial

that it would present videotape evidence that Baker went into a convenience store and sexually abused a female store clerk by reaching across the counter and attempting to grab her chest. The State also recited that its evidence at trial would be that Baker returned to the same store later that same day and forcibly attempted to grab the clerk and to touch her breasts against her will. Both the State and Baker's counsel agreed that Baker made contact with the clerk's breast through her clothing. Baker testified that he had heard the State's and his own counsel's statements, that the statements were accurate, and that he actually did what each said he did. Baker also testified that his counsel had discussed the sexual abuse charge with him and that he fully understood the nature of the charge.

Though the guilty plea record does not reflect that Baker was specifically asked whether he engaged in the conduct he admitted for the purpose of arousing or gratifying the sexual desire of any person, that question was not required of Baker in order to establish a sufficient basis for his guilty plea. In its judgment, the motion court recited that both Baker and his trial counsel testified that they had discussed the charge that Baker faced and that Baker fully understood the nature of the charge against him. As in *Ivy*, Baker admitted that the nature of the sexual abuse charge was explained to him by his counsel. 81 S.W.3d 199, 203 (Mo. App. W.D. 2002). The State recited the facts surrounding the charge at the plea hearing to which Baker pleaded guilty. The motion court held "[t]here was nothing presented to suggest that [Baker's] actions were innocent, inadvertent or out of danger." The motion court properly concluded that there was an adequate factual basis to support Baker's guilty pleas to sexual abuse.

Baker cites no authority for the proposition that the inherent nature of his admitted conduct is insufficient, in and of itself, to permit the conclusion that he engaged in his admitted conduct to arouse his or another's sexual gratification. In fact, in *State v. Hendrix*, 883 S.W.2d 935, 944 (Mo. App. W.D. 1994), we held that "[t]he fact that [an] appellate touched [a victim's] genitals, as the evidence demonstrates, is sufficient to show that he did so for his own sexual gratification, and the jury could reasonably so infer." This analysis applies equally to a defendant's admitted conduct during a guilty plea hearing.

The motion court's finding are not clearly erroneous.

Respondent's Exhibit E, pp. 7-9 (footnote omitted).

Federal constitutional law does not require a factual basis for a guilty plea. Although the lack of a factual basis would violate Fed. R. Crim. P. 11, that rule does not apply in state court. The Mo. Sup. Ct. R. 24.02(e) requirement of a factual basis for a guilty plea is a matter of state law, not

5

Case 4:11-cv-00742-DGK   Document 12   Filed 01/06/12   Page 5 of 13

federal law.  See Cranford v. Lockhart, 975 F.2d 1347 (8th Cir. 1992) (a state court's failure to comply with state rule requiring factual basis for guilty plea does not deprive defendant of due process, and thus does not warrant habeas relief).  Federal circuit courts addressing similar claims have refused to impose a due process duty to establish a factual basis for a guilty plea entered in a state court.  See Berget v. Gibson, 188 F.3d 518, slip op. at *6 (10th Cir. Aug. 5, 1999) (listing cases from Second, Third, Sixth, Seventh, and Ninth Circuits), cert. denied, 529 U.S. 1042 (2000).  Only when a defendant claims his factual innocence while pleading guilty have state courts been constitutionally required to establish a factual basis for a plea as required in North Carolina v. Alford, 400 U.S. 24, 37-39 (1970).

Furthermore, contrary to petitioner's assertions, the state adequately set out a factual basis for the charge against him.  The prosecutor was prepared to present videotape evidence that petitioner went into a convenience store, reached across the counter, and attempted to grab the chest of a female store clerk.  Respondent's Exhibit E, p. 8.  In addition, the prosecutor stated that evidence at trial would be that petitioner returned to the same store later that same day and forcibly attempted to grab the clerk and to touch her breasts against her will.  Id.  Moreover, petitioner testified that he understood the nature of the charge, that the recitation of facts supporting the charge was accurate, and that he actually committed the conduct.  Respondent's Exhibit A, pp. 13, 17-18.

Ultimately, the Missouri Court of Appeals, Western District, found that the inherent nature of petitioner's admitted conduct was sufficient to establish that petitioner engaged in his conduct to arouse his or another's sexual gratification.  Respondent's Exhibit E, p. 9.  Because the state court's determination was not based upon an "unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law," 28 U.S.C. § 2254(d)(1) and (2),

6

Ground 1 will be denied.

## **GROUND 2**

In Ground 2, petitioner asserts a claim of ineffective assistance of counsel in that counsel advised him that, if he pled guilty to witness tampering, he would be eligible for parole, when in fact, persons convicted for witness tampering are ineligible for parole. Doc. No. 1, p. 15. The Missouri Court of Appeals, Western District, denied Ground 2 as follows:

> . . . Baker claims that the motion court clearly erred in denying his Motion because he was denied effective assistance of counsel because trial counsel advised Baker that if he entered guilty pleas to one charge of sexual abuse and to one charge of tampering with a witness, he would be eligible for parole consideration after serving some portion of his concurrent sentences. In fact, a conviction for tampering with a witness renders a defendant parole ineligible.
>
> To prevail on an ineffective assistance of counsel claim following a guilty plea, Baker must show by a preponderance of the evidence that: (1) trial counsel's performance was deficient because he failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise in similar circumstances; and (2) the deficient performance prejudiced Baker. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997). If either the performance prong or the prejudice prong is not met, then we need not consider the other, and Baker's claim of ineffective assistance of counsel must fail. *Strickland*, 466 U.S. at 687.
>
> "[A] guilty plea must be a voluntary expression of the defendant's choice, and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997). In guilty plea situations, such as the present case "'the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea.'" *Goad v. State*, 839 S.W.2d 749, 751 (Mo. App. W.D. 1992) (citation omitted). Therefore, Baker "'may attack only the voluntary and intelligent nature of the guilty plea by showing that the advice he received from counsel was not within the reasonable prevailing standards that a reasonably competent attorney would exercise under similar circumstances.'" Id. (citation omitted).
>
> . . . .
>
> The motion court found that Baker entered his guilty plea to the tampering with a witness charge fully aware that he was entering an open plea and fully aware

7

that both the sexual abuse charge and the tampering with a witness charge carried the
prospect of seven year sentences, which the trial court could have ordered be served
consecutively. The motion court thus observed that even assuming the statements
made by trial counsel to Baker amounted to positive misrepresentation on which
Baker was entitled to rely, Baker's reliance would, at best, have permitted Baker to
reasonably assume that he might have to serve forty-percent of fourteen years (5.6
years) before being eligible for parole consideration. As a result, Baker cannot
demonstrate that his claimed reliance on trial counsel's representation about his
eligibility for parole would have permitted him to reach a reasonable belief, ***before***
his guilty pleas, that he would be eligible for parole after serving fort-percent of four
years (2.6 years). As it is, even serving the full four year sentence for tampering with
a witness, Baker will be released in less than 5.6 years. The motion court did not
abuse its discretion in finding that Baker did not receive ineffective assistance of
counsel.

    Even were we to assume that the misinformation provided to Baker about his
parole eligibility permitted Baker the reasonable belief that he would be eligible for
parole after serving 2.6 years, Baker has not even alleged, let alone demonstrated,
that the misinformation caused him prejudice . . . .

    Even had Baker alleged prejudice, we believe it unlikely that Baker would
have refused to enter a guilty plea and would have insisted on proceeding to trial on
five felony charges had Baker been advised that pleading guilty to tampering with
a witness would render him ineligible for parole. Baker had prior convictions, which
qualified him as a prior and persistent offender, increasing the potential range of
punishment on each of the sexual abuse charges from one-to-seven years to five-to-
fifteen years. In exchange for Baker's guilty pleas, the State had agreed to dismiss
three of the felony charges against him and had agreed that sentencing would not be
enhanced by Baker's status as a prior and persistent offender. Given these
circumstances, we cannot conclude that Baker would have insisted on going to trial
had he been told that his plea to one count of tampering with a witness would render
him parol ineligible.

Respondent's Exhibit E, pp. 3-6.

In order to obtain relief in federal habeas corpus, petitioner "must show 'actual ineffectiveness' as defined in <u>Strickland</u>, 466 U.S. at 687, and that he 'pleaded guilty as a direct consequence of his counsel's erroneous advice and . . . but for this advice, the outcome of the plea process would have been different.'" <u>Nolan v. Armontrout</u>, 973 F.2d 615, 617 (8th Cir. 1992) (citing <u>Garmon v. Lockhart</u>, 938 F.2d 120 (8th Cir.1991)). To show prejudice in such a case, petitioner

8

must establish with "reasonable probability" that he would not have entered a guilty plea and would have insisted on going to trial had counsel been effective. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Petitioner's representations at the guilty plea hearing carry a strong degree of verity and pose "a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73 (1977).

"[A] determination of a factual issue made by a State court shall be presumed to be correct," and petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The statutory presumption "is particularly proper [in cases involving the voluntariness of a guilty plea] in light of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing and the fact that '[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea.'" Weeks v. Bowersox, 119 F.3d 1342, 1352 (8th Cir. 1997) (quoting Blackledge, 431 U.S. at 71).

Petitioner has failed to proffer clear and convincing evidence that his guilty plea was not voluntary, knowing, and intelligent. See Hunter v. Bowersox, 172 F.3d 1016, 1022 (8th Cir. 1999), cert. denied, 528 U.S. 1140 (2000). Petitioner entered an open guilty plea with no agreement as to the sentence he would receive, and the motion court found as a matter of fact that petitioner knew the court could have sentenced him to seven years on each count, to be served consecutively, for a total of 14 years in prison. Respondent's Exhibit A, pp. 32-33, 97. The Missouri Court of Appeals, Western District, found that petitioner could not demonstrate that his claimed reliance on his counsel's representation would have permitted him to reach a reasonable belief before his guilty pleas that he would be eligible for parole after forty-percent of four years, that petitioner could not

9

demonstrate prejudice, and that it is unlikely that petitioner would have refused to enter a guilty plea and would have insisted on proceeding to trial on five felony charges had he been advised properly. Respondent's Exhibit E, pp. 5-6.

Because the state court's determination was not based upon an "unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law," 28 U.S.C. § 2254(d)(1) and (2), petitioner's claim of ineffective assistance of trial counsel, Ground 2, will be denied.

## **GROUND 3**

In Ground 3, petitioner claims that he is actually innocent of the crime of sexual abuse, because the alleged victim has recanted her statements that petitioner sexually abused her. Doc. No. 1, p. 15. Respondent argues that Ground 3 should be denied because "the Eighth Circuit has 'squarely rejected the notion that a prisoner may receive a writ simply because he claims he is innocent.'"Doc. No. 5, p. 13; Burton v. Dormire, 295 F.3d 839, 848 (8th Cir. 2002). Respondent argues further that Ground 3 fails the gateway standard in Schlup v. Delo, 513 U.S. 298 (1995), because it is based on hearsay statements and because petitioner pleaded guilty to the crime. Doc. No. 5, pp. 13-15

A claim of actual innocence based on newly discovered evidence is not in itself a ground for federal habeas corpus relief. Herrera v. Collins, 506 U.S. 390, 400 (1993)("[C]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding'"). Therefore, this Court construes Ground 3 as a gateway claim of actual innocence under Schlup.

10

"<u>Schlup</u> allows a petitioner to raise a gateway claim of actual innocence that, if established, will allow him to present otherwise procedurally defaulted claims to the federal habeas court." <u>Nance v. Norris</u>, 392 F.3d 284, 291 (8th Cir. 2004), <u>cert</u>. <u>denied</u>, 546 U.S. 858 (2005). "[T]he <u>Schlup</u> standard is quite high; the petitioner must come forward with new reliable evidence that was not available at trial . . . and he must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." <u>Id</u>. (citing <u>Schlup</u>, 513 U.S. at 327) (internal citation and quotations omitted). "[T]he test for newly discovered evidence is whether the evidence could have been discovered earlier in the exercise of due diligence." <u>Cornell v. Nix</u>, 976 F.2d 376, 380 (8th Cir. 1992), <u>cert</u>. <u>denied</u>, 507 U.S. 1020 (1993).

Petitioner's evidence does not meet the standard in <u>Schlup</u>. Petitioner's claim of innocence relies entirely on hearsay statements related in affidavits by Sheila Imgarten and Jacky Kennedy, who both refer to petitioner as "my brother." Doc. No. 1-1, pp. 1, 3. According to Kennedy, the victim stated that petitioner "did not touch her breast." Doc. No. 1-1, p. 1. Rather than stating that the victim recanted her accusations, Imgarten states that "not one time during our conversation did [the victim] state that Jake had touched her in any inappropriate way. Doc. No. 1-1, p. 3. Therefore, only the alleged statement made to Kennedy amounts to a direct recantation, which is contradicted by the convenience store videotape that the prosecution was prepared to present as evidence at trial. Moreover, petitioner's evidence is particularly unpersuasive considering that petitioner pleaded guilty and admitted to the conduct. <u>McCall v. Benson</u>, 114 F.3d 754, 758 (in light of a guilty plea, an attempt to show actual innocence is unpersuasive). Consequently, petitioner has failed to show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. Because Ground 3 does not state a claim cognizable under federal habeas and

11

because petitioner plaintiff fails to meet the standard in Schlup, Ground 3 will not excuse procedural default and will be denied.

**GROUNDS 4-6**

In Ground 4, petitioner argues that his guilty pleas were not voluntarily and knowingly made due to prosecutorial misconduct. Petitioner claims that prosecuting attorney John Young had a conflict of interest in that Young represented petitioner's ex-wife at a divorce modification proceeding prior to petitioner's case and in that Young"defam[ed] Petitioner's character" outside the courtroom during the preliminary hearing proceedings. Doc. No. 1, p. 16. In Ground 5, petitioner asserts a claim of ineffective assistance of counsel in that counsel failed to seek discovery of state leniency agreements with a state's witness. Doc. No. 1, p. 17. In Ground 6, petitioner asserts another claim of ineffective assistance of counsel in that counsel "failed to attack [the] prosecution's vindictiveness." Doc. No. 1, p. 18. Respondent argues that Grounds 4-6 are procedurally defaulted because petitioner did not raise Grounds 4-6 in his post-conviction relief proceedings. Doc. No. 5, pp. 15-19.

Petitioner procedurally defaulted Grounds 4-6 by failing to include the claims in his post-conviction relief proceedings. Sweet, 125 F.3d at 1149 (failure to present claim at any stage of post-conviction proceeding is a procedural default). For this Court to review a procedurally defaulted claim, petitioner must demonstrate cause for the default and actual prejudice, or demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner has not demonstrated cause or prejudice for defaulting Grounds 4-6.

Furthermore, petitioner has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered, because his claims in Ground 3 do not demonstrate

that he is actually innocent. See Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir.) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), cert. denied, 549 U.S. 1036 (2006). Consequently, Grounds 4-6 will be denied.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

/s/ Greg Kays
GREG KAYS
United States District Judge

Kansas City, Missouri,

Dated: January 6, 2012 .